| | |
|---|---|
| **Case No.:** 3:16-cv-01436-MO | **Date of Proceeding:** September 21, 2017 |

**Case Title:** East Park Associates, LLC v. Eagle West Insurance Company

**Presiding Judge:** Chief Judge Michael W. Mosman

**Courtroom Deputy:** Kara Scheele
Kara_Scheele@ord.uscourts.gov
Telephone number (503) 326-8031

**Reporter:** Bonita Shumway

**Tape No:**

**DOCKET ENTRY:** ORAL ARGUMENT HELD

**Defendant's Motion for Summary Judgment**

Order Denying Defendant's Motion for Summary Judgment [40].

1. Defendant's motion for summary judgment based on causation is DENIED. Defendant must show that Plaintiff's expert Dr. Winandy's report is admissible because he is Plaintiff's agent for the purposes of FRE 801(d). I conclude this showing is inadequate for summary judgment purposes, with leave to renew at trial or in a pretrial motion in limine. Even if Dr. Winandy's report is admissible under FRE 801(d), there is a genuine issue of material fact as to this issue because a rational jury could find a short-term leak to be the dominant cause of damage. Defendant's motion based on causation is DENIED.

2. Defendant's motion for summary judgment that the May 2015 leak is excluded under the long-term exclusion is DENIED because viewed in the light most favorable to Plaintiff, a reasonable jury could find the leak took place over twelve to thirteen days.

3. Defendant's motion for summary judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is DENIED as derivative of Defendant's other arguments.

4. Defendant's motion for summary judgment on the pathogenic organism exclusion is DENIED as moot. Defendants may propose limiting instructions at trial.

5. Defendant's motion for summary judgment on the late notice defense is DENIED. Viewed in the light most favorable to Plaintiff, a reasonable jury could find prompt notice if notice was given in a four-day time period. But even if four days does not constitute prompt notice, a reasonable jury could find no showing of prejudice.

**Plaintiff's Motion for Partial Summary Judgment**

Order Denying Plaintiff's Motion for Partial Summary Judgment [42].

1. Plaintiff concedes that disputed facts exist as to the long-term leak exclusion and summary judgment on is DENIED on this issue.

2. Plaintiff's motion for summary judgment on the wear and tear exclusion is DENIED. The Court must "construe the text of the policy as a whole, rather than view particular parts of the policy in isolation," *Bresee Homes, Inc. v. Farmers Ins. Exchange*, 293 P.3d 1036, 1041 (Or. 2012), and I conclude the long-term leak exclusion, if applicable, would serve to limit coverage under the "specified cause of loss" exception to the wear and tear exclusion. *See Ins. Co. of N. Am. v. Elec. Purification Co.*, 433 P.2d 174, 178 (Cal. 1967) ("The exception of an item from an exclusion leaves it under the general coverage, unless it is elsewhere generally excluded."). Summary judgment is DENIED on this issue.

3. Plaintiff's motion for summary judgment on the negligent work exclusion is DENIED because this exclusion turns on disputed facts about the length of time during which the leak occurred.

4. Plaintiff's motion for summary judgment on the pathogenic organism exclusion is DENIED as moot.

5. Plaintiff's motion for summary judgment on the late notice defense is DENIED. Viewed in the light most favorable to Defendant, a reasonable jury could find that notice was not given from early April until May 29 and could find that prejudice existed.

6. Plaintiff's motion for summary judgment on Defendant's request for attorney fees and costs is DENIED as moot.

7. Plaintiff's motion for summary judgment on Defendant's reservation of defenses is DENIED as premature.

| **PLAINTIFFS' COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Kyle A. Sturm, Nicholas A. Thede | Matthew E. Hedberg |

cc:{ }  All counsel